SCHENK v. INTERNATIONAL RY. CO.

(Supreme Court, Special Term, Erie County. February, 1914.)

1. CARRIERS (§ 20*) — CARRIAGE OF PASSENGERS — TRANSFERS TO CONNECTING LINES.

Public Service Commissions Law (Consol. Laws, c. 48) § 49, subd. 7, requires every street railroad corporation contracting with another such corporation, as provided in Railroad Law, § 78, to carry or permit any other party to such contract to carry between any points on the railroads or portions thereof embraced in such contract, any passenger desiring to make one continuous trip between such points for a single fare, and to give to each passenger paying a single fare a transfer entitling him to a continuous trip to any point or portion of any railroad embraced in such contract, and provides a penalty of $50 for every refusal to comply with the requirements of that subdivision. Railroad Law, § 78, provides that subject to the permission and approval of the Public Service Commission any railroad corporation owning or operating any railroad may contract with any other such corporation for the use of their respective roads, or any part thereof, and thereafter use them in such manner and for such time as may be prescribed in the contract. Held, that an agreement between two street railroad corporations, by which each agreed to accept and honor transfers issued by the other to its passengers, is not a contract for the use of their respective roads within section 78, and the refusal to honor such a transfer does not make the company so refusing liable to the statutory penalty.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 33–49, 133, 927; Dec. Dig. § 20.*]

2. CARRIERS (§ 20*) — CARRIAGE OF PASSENGERS — TRANSFERS TO CONNECTING LINES.

Where defendant, a street railway company, agreed with the B. Company that the B. Company might use defendant's track for a few blocks on one street, the only portion of defendant's road "embraced in such contract" within section 49 was such few blocks, and a refusal to accept and honor a transfer of the B. Company for a ride over a different portion of defendant's road did not subject it to the statutory penalty.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 33–49, 133, 927; Dec. Dig. § 20.*]

3. APPEAL AND ERROR (§ 1177*)—INFERIOR COURTS—APPEAL—RENDERING FINAL JUDGMENT.

Upon reversal of a judgment of a city court in favor of the plaintiff, where it did not appear that a case could be made upon a new trial, a new trial would not be directed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177.*]

Appeal from City Court of Buffalo.

Action by William Schenk against the International Railway Company. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

R. C. Vaughan, of Buffalo, for appellant.

Seymour C. Pinch, of Buffalo, for respondent.

WHEELER, J. This action was brought to recover a penalty for a, failure to honor a transfer issued by the Buffalo & Lake Erie Traction Company to the plaintiff, purporting to give the plaintiff the right to ride upon it over certain lines of the defendant to his destination.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is claimed this refusal was in violation of the provisions of sub-division 7 of section 49 of the Public Service Commissions Law (Consol. Laws, c. 48) and subjected the defendant to the penalty of $50 sought to be recovered, because the defendant and the Buffalo & Lackawanna Traction Company, the predecessor in interest of the Buffalo & Lake Erie Traction Company, had entered into an arrangement pursuant to the provisions of section 78 of the Railroad Law of the state (Laws 1890, c. 565).

The contract or agreement between the parties was put in evidence on the trial of this action in the court below. By the recitals of this agreement and the proof in this case, it appears that the Buffalo & Lackawanna Traction Company proposed to construct and operate a line of street cars from the City Line of Buffalo, over and through certain streets of said city to Lafayette Square near the center of the city. This line has a length approximately of six or seven miles. Part of its route, for a few blocks, was through and over Swan street, in which the defendant, or the Crosstown Street Railway Company, had a single track and a franchise to operate it. This agreement provided that the single track should be changed and relocated, so as to permit the Lackawanna Company to lay an additional track beside it, so that there should be operated a double track, but that the cost and expenses of such changes should be borne by the Lackawanna Company; that the track of the defendant so changed should remain the property of the defendant, but the Lackawanna Company might operate over this short stretch of track. Among other things, this agreement further provided that all transfers issued by the Lackawanna Company, or its successors, to its passengers for passage over any of the lines of the International Railway Company or the Crosstown Company within the city, would be accepted and honored by the International Company, and vice versa those issued by the International or Crosstown Companies to the Lackawanna Company. All transfers issued by these respective companies were to be issued subject to the terms and conditions of the so-called Milburn agreement. So much for the terms of the agreement in question.

On the 21st day of January, 1912, the plaintiff became a passenger on one of the cars of the Buffalo & Lake Erie Traction Company at Louisiana and Elk streets in the city of Buffalo for a continuous trip to the intersection of Sycamore street and Miller avenue, which point is beyond the line of said traction company, and on the line of the defendant's street railroad. He was given a transfer by the traction company to his desired destination, and rode over the line of the traction company to its terminus at the corner of Washington and Clinton streets. This took him over and beyond the short stretch of track in Swan street referred to above. At the corner of Washington and Clinton streets the plaintiff boarded one of the Sycamore street cars of the defendant, but the conductor refused to honor the transfer given, and forced the plaintiff to leave the car, and he was compelled to pay a second fare in order to reach his destination. The reason for the rejection was the objection that the transfer slip was improperly punched. The plaintiff contends that, notwithstanding, it entitled

him to ride, and was improperly refused, and that the defendant has incurred the penalty provided by the statute.

[1] We held in the case of Catalano v. Crosstown Railway Co. (Sup.) 137 N. Y. Supp. 118, that under the provision of the so-called Milburn agreement, which provides for the transfer of passengers from the lines of one street car company to the lines of another company for one fare, such a contract does not fall within the provisions of the act here relied upon, and that while a refusal to honor such a transfer might confer a right of action for damages, it did not subject the street railway company refusing the transfer to a *penalty* under the provisions of section 49 of the Public Service Commissions Law. In that case, we held that such an arrangement for the mutual transfer of passengers was not a contract for the use of their respective *roads or routes* within the meaning of section 78 of the Railroad Law. When the same case came before us on a second appeal, we said we had no occasion to modify the views expressed in our first opinion on that point. Catalano v. International Ry. Co. (Sup.) 145 N. Y. Supp. 1005. Following these decisions, we hold here that the clause in the agreement between the defendant and the Lackawanna Traction Company for mutual transfers of passengers does not justify a recovery of the penalty awarded in the court below. If any recovery is to be had, it must be by virtue of some other provision of that agreement.

[2] It is claimed that the clause providing for the use of the short stretch of trackage in Swan street, above referred to, supplies the basis of a recovery in this action. Can the judgment of the court below be sustained on that ground? We think not. Subdivision 7 of section 49 of the Public Service Commissions Law provides that any street railroad corporation entering into a contract as provided in section 78 of the Railroad Law "shall carry or permit any other party thereto to carry *between any two points on the railroads or portions thereof embraced in such contract,* any passenger desiring to make a continuous trip between such points for a single fare." It further provides a penalty of $50 to any aggrieved party for every refusal to comply with the above requirements. The portion of the road "*embraced in such contract*" is for the use of the small piece of trackage in Swan street, and nothing more. If the defendant had refused to permit the transportation of the plaintiff over this portion of its tracks, or had exacted an extra fare for so doing, then it would have violated the statute. We cannot discover how or upon what theory it can be claimed that a penalty is given for a refusal to honor a transfer upon lines or routes not "*embraced in such contract*." The traction company, by the agreement in question, is given no right to the use of a foot of any of the roads or routes of the defendant, except the short strip of track in Swan street—none for the Sycamore street line of the International Railroad Company. The agreement to accept a transfer of passengers from one line to the other is in no sense an agreement "for the use of their respective roads or routes," as specified in section 78 of the Railroad Law.

[3] We can reach no conclusion other than that the plaintiff has wholly failed to make out a case. No case, so far as we are able to

discover, can be made upon a new trial. The case should therefore be disposed of on this appeal, without a direction for a new trial.

The judgment is therefore reversed, and the complaint dismissed, with costs.

So ordered.